IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| KINGS PLUSH, INC. d/b/a STI, <br><br> Plaintiff, <br><br> v. <br><br> HICKORY CUT & SEW, LLC, <br><br> Defendant. | **COMPLAINT** |

**NOW COMES** Plaintiff, Kings Plush, Inc. d/b/a STI ("Plaintiff"), by and through its undersigned legal counsel, and complains against Defendant Hickory Cut & Sew, LLC ("Defendant") and alleges as follows:

## INTRODUCTION

1. This is an action for monetary damages based upon a cause of action for Breach of Contract in connection with Defendant's breach of contract for failure to pay for goods provided by Plaintiff to Defendant.

## THE PARTIES

2. Plaintiff Kings Plush, Inc., which does business as STI, is a North Carolina corporation, organized, and existing under the laws of the State of North Carolina with its Registered Office and Principal Place of Business in Kings Mountain, North Carolina.

3. Defendant is a limited liability company, organized and existing under the laws of the State of Tennessee, with its principal place of business in Tennessee.

4. Plaintiff is in the regular business of selling fabric and related goods to buyers such as the Defendant.

1

5. Defendant is in the regular business of purchasing fabric and related goods for use in its regular course of business.

6. Both Plaintiff and Defendant are "merchants" within the meaning of Chapter 25 of the North Carolina General Statutes - the Universal Commercial Code – Sales.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this lawsuit by virtue of the complete diversity of citizenship and because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332.

8. This Court has personal jurisdiction over Defendant by virtue of its substantial and continuous contacts with the State of North Carolina.

9. This Court has personal jurisdiction over Defendant as it had substantial and continuous contact with North Carolina, which contact included (but are not limited to) the following actions by Defendant:

    a) Defendant maintains and operates an office in Hickory, North Carolina and receives mail from Plaintiff at said location – including of the invoices at issue in this case;

    b) Upon information and belief, a majority of Defendant's customers are located in North Carolina and Defendant regularly solicits business in the state;

    c) Representatives of Defendant have come to North Carolina to conduct business related to Plaintiff and have signed documents in North Carolina regarding the business relationship with Plaintiff;

d) Defendant sent the purchase orders at issue herein to Plaintiff and Plaintiff's representatives in Kings Mountain, North Carolina;

e) Defendant markets and advertises its products in North Carolina and regularly seeks and contracts with vendors in North Carolina;

f) Plaintiff's representatives operated from a location in Kings Mountain, North Carolina and communicated and negotiated the terms of the parties' business relationship and contracts at and through that location; and

g) Defendant entered into the contracts at issue herein.

10. The foregoing routine and continuous contact with Plaintiff in North Carolina and the execution of the subject contracts with Plaintiff form the basis from which this lawsuit arises.

11. Defendant knew that its communications were being directed to Plaintiff, who transacted much of its business in North Carolina.

12. Plaintiff sustained monetary losses in North Carolina, as further set forth herein, due to Defendant's conduct.

13. Defendant's contacts with North Carolina were substantial and subject Defendant to personal jurisdiction in North Carolina.

14. Defendant's contacts with North Carolina were sufficient to satisfy due process requirements.

15. Venue for this action is proper in this judicial district pursuant to 28 U.S.C. §1391.

16. All conditions precedent to the filing of this action have occurred, been undertaken, or have otherwise been waived.

## GENERAL ALLEGATIONS

17. Kings Plush, Inc. is a provider of fabrics used in numerous industries, but concentrated in the furniture and interior design industries.

18. Defendant used the Plaintiff's goods to manufacture cut and sewn covers that are then used by the Defendant's customer's to manufacture furniture.

19. Beginning in 2020, Plaintiff and Defendant entered into a series of Purchase Orders and Invoices for specific goods to be provided by Plaintiff to Defendant.

20. The fabric and related materials described in the Purchase Orders and Invoices are "goods" within the meaning of North Carolina General Statutes Chapter 25 - the Universal Commercial Code - Sales.

21. The goods were either manufactured by Plaintiff or were procured by Plaintiff and were made available to Defendant at its factory in Managua, Nicaragua.

22. Defendant willingly and knowingly used the goods provided by Plaintiff and took possession of them at its factory.

23. The goods delivered to the Defendant were conforming.

24. Defendant accepted the goods and had an adequate opportunity to inspect the goods.

25. The Defendant was required to payment no later than 15 days after issuance of the Invoice for the goods.

26. Defendant failed to make full and timely payment pursuant to the Purchase Orders and Invoices.

27. On or about April 9, 2020, Plaintiff, by and through its legal counsel, sent a demand letter to Defendant asking that the remaining unpaid balance be paid on the Invoices.

28. Thereafter Defendant made a payment totaling $75,000.00 to Plaintiff, leaving an outstanding balance owed by Defendant to Plaintiff of $365,757.64. Defendant has stated that it will not make any additional payments to Plaintiff for the goods because of an unrelated business dispute between the parties that does not in any way affect or offset the invoices at issue herein.

## FIRST CAUSE OF ACTION
**(Breach of Contract)**

29. Plaintiff repeats and re-alleges the above allegations.

30. Plaintiff and Defendant entered into contracts for the provision of goods by Plaintiff to Defendant for payment to be tendered by Defendant in return.

31. The contracts composed of the purchase orders and invoices are valid, binding and enforceable contracts between Plaintiff and Defendant.

32. Defendant was required to make payment to Plaintiff no later than 15 days after the issuance date of the respective Invoices.

33. Despite repeated requests and demands by Plaintiff, Defendant has failed to fully comply with its contractual obligations to make payment under the Invoices.

34. Defendant has materially breached the contracts with Plaintiff by its failure to timely make payment for the goods provided and accepted by the Defendant.

35. Plaintiff has duly complied with and performed all of its obligations under the contracts.

36. All conditions precedent to the institution of this action have occurred or have been waived.

37. The actions of Defendant in failing to fully make full and timely payment for the goods as set forth above constitutes a breach of contract entitling Plaintiff to damages from Defendant in an amount in excess of $75,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, the reasons set forth in this Complaint, Plaintiff, prays the Court for the following relief:

1. That the Court render judgment against Defendant, Hickory Cut & Sew, LLC, on Plaintiff's claims and award Plaintiff its compensatory damages in an amount in excess of $75,000.00, plus pre and post judgment interest at the legal rate until paid and satisfied in full for Defendant's breach of contract;

2. That this matter to be tried before a jury on all issues so triable;

3. That Defendant be required to pay all costs incurred by Plaintiff in this action, including pre judgment and post judgment interest and reasonable attorneys' fees, as allowable; and

4. For such other and further relief as the Court deems just and reasonable.

This 19th day of May 2020.

                        **GRAY, LAYTON, KERSH,
SOLOMON, FURR & SMITH, P.A.**

By:    /s/ Michael Carpenter
        Michael L. Carpenter
        N.C. State Bar ID: 35202
        Post Office Box 2636
        Gastonia, North Carolina 28053-2636
        Telephone: 704-865-4400
        Facsimile: 704-866-8010
        mcarpenter@gastonlegal.com

        **ATTORNEYS FOR PLAINTIFF**